Argued October 13, affirmed November 23, 1960

ANCHOR PETROLEUM COMPANY *v.* BULLER

357 P. 2d 408

*William H. Dashney,* McMinnville, argued the cause for appellant. With him on the brief were Marsh, Marsh, Dashney & Cushing, McMinnville.

*Elliott B. Cummins,* McMinnville, argued the cause for respondent. With him on the brief were Cummins & Devlin, McMinnville.

Before McAllister, Chief Justice, and Warner, Sloan, O'Connell and Howell, Justices.

PER CURIAM

An action on a written contract wherein plaintiff was the seller of propane gas, defendant the buyer. The case involved the price per unit of gas that the contract required defendant to pay to plaintiff during a period when the contract had been renewed. The trial court construed the contract in favor of defendant, plaintiff appeals. The issues to be decided are found in the contract.

The original contract provided that it should remain in full force "from July 1, 1956 through June 30, 1957, and thereafter on a year to year basis unless cancelled by either party giving 60 days advance notice prior to any anniversary date." The price to be paid was fixed by the contract in this paragraph:

*"PRICE*: The price per gallon to be paid by Buyer to Seller for designated product hereunder, exclusive of all taxes and fees, shall be Seller's price per gallon therefor in effect on date of shipment F.O.B. Seller's shipping points. If the designated product is sold to Buyer on F.O.B. destination basis, Seller shall add all shipping charges applicable. Price currently in effect is as follows:

*"PRICE LIST*

*"Price per gallon*
"$0.05             F.O.B. Tank Cars—Bakersfield, California
"This price shall remain firm for a period of one year."

Neither party gave notice of cancellation prior to June 30, 1957, so the contract continued. Plaintiff in-

creased the price of the gas after the renewal. Defendant refused to pay the increased price but continued to pay the five cents per gallon specified for the first year. Plaintiff continued deliveries until June 30, 1958. Plaintiff exercised the right to cancel the contract at the end of the second year. It accepted the payment of the five cents per gallon for all of the gas delivered during the second year, but only by some form of protest which was not in evidence. About a year later this action was filed.

Defendant contended, and the trial court held, that when the contract was renewed the renewal carried with it the guaranteed five cent price. Plaintiff contended that the intent expressed by the contract was that the five cent price guarantee was only for the first year. We will not reach decision on that question. If we assume plaintiff's contention to be correct, there is a complete failure of proof as to what the price "in effect on the date of shipment" was. It was incumbent on plaintiff to introduce some evidence as to the price.

The only evidence submitted were copies of the invoices by which plaintiff billed defendant for the quantities of gas delivered to defendant. The invoices specified the price plaintiff desired to collect. They were not evidence of the "price in effect." We can only interpret the "price in effect" provision of the contract to mean that the price in effect on a date of shipment was a competitive, market price. If we were to hold that the "price in effect" was any price that plaintiff desired to charge, without any other standard, the contract would be void for want of mutuality. *California Lettuce Growers v. Union Sugar Co.*, 1955, 45 Cal2d 474, 289 P2d 785, 49 ALR2d 496; 1 Williston on Sales (1948) § 168, p 438.

The evidence submitted by plaintiff, which failed to show any standard by which the invoice price was fixed or even that it was a reasonable price (ORS 75.090 (4)), will not support a judgment. The lack of evidence required the trial court to enter judgment for defendant. *McCormick et al v. Williams, Jr.*, 1953, 199 Or 66, 255 P2d 1071.

Affirmed.

O'CONNELL, J., dissenting.

I am of the opinion that the trial court did not correctly interpret the contract. Plaintiff should be entitled to recover on the basis of the "seller's price." The "seller's price" is the price which is called for by the terms of the contract for sales made after the first year.

It is apparent from the record that this case was presented to the trial court for the determination of a single issue. That issue is the correct interpretation of the price provision of the contract upon renewal. Defendant contended that a renewal would re-institute for another year, as the "seller's price," the fixed amount agreed upon for the first year. On the other hand, plaintiff contended that the fixed price applied only to the first year and that thereafter "seller's price" meant the price currently charged by the seller. Although the parties did not enter into a formal stipulation dispensing with proof of the "seller's price" for the sales made in the second year, it is clear from the transcript that it was understood by counsel for both parties that if the contract was interpreted in accordance with plaintiff's contention, plaintiff would be entitled to recover without further proof the sum of $2,441.20, the amount indicated by the invoices intro-

duced into evidence. The fact that a jury was waived fortifies this interpretation of the transcript.

It would serve no useful purpose to set out the portions of the transcript which support this conclusion. The judgment should be reversed with directions to enter judgment for the plaintiff in the amount claimed by it.

McALLISTER, C. J., concurs in this dissent.